IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) Case No. 18- 01080
)
APPROXIMATELY $4,656.00 )
IN UNITED STATES CURRENCY, )
)
        Defendant. )
)

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Approximately $4,656.00 in United States currency (hereinafter "defendant property"), for violations of 21 U.S.C. § 841 *et seq.*

## THE DEFENDANT IN REM

2. The defendant property consists of approximately $4,656.00 in United States currency that was seized from Darrel Gene Durbin on February 9, 2014 by the Wichita Police Department while executing a search warrant at xxxx South Victoria Street, Wichita, Kansas, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

*/s/ Sean Hatfield*

SEAN M.A. HATFIELD
Ks. S. Ct. No. 24098
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
T: (316) 269-6481
F: (316) 269-6484
sean.hatfield@usdoj.gov

## DECLARATION

I, Tom Krausch, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6 day of March, 2018.

TFO Tom Krausch
DEA

4

## AFFIDAVIT

I, Tom Krausch, being first duly sworn, depose and state:

1. I have been employed by the Wichita Police Department for twenty-seven (27) years and have been cross-designated as a DEA Task Force Officer for two (2) years. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to me through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On February 9, 2014, Wichita Police Department Officers executed a narcotics search warrant at xxxx South Victoria Street, Wichita, Kansas, and arrested Darrel Gene Durbin for possession with intent to sell methamphetamine. Darrel Gene Durbin was searched and found to be in possession of about 3.5 grams of methamphetamine and approximately $1,400.00 U.S. currency on his person.

4. In a post-Miranda interview, Darrel Gene Durbin told Officer Jaime Schepis that he sold methamphetamine to make money because it was hard for him to find employment due to his violent criminal history. Darrel Gene Durbin said he had about one to one and one half ounces of methamphetamine in a camera bag located in the kitchen and another one to one and one half ounces of methamphetamine located in a tub in his bedroom. Darrel Gene Durbin said there was also about $1,500.00 to $2,000.00 in that tub that came from the sale of methamphetamine. Darrel Gene Durbin, told Officer Schepis that Laurie Ann Peterson a/k/a Laurie Ann Sommerfeldt, who was also in the house, was not involved and was not aware that he was selling methamphetamine from the home. Wichita Police Officer Chad Cooper utilized a narcotics trained K-9 and saw the K-9 give positive indications to the presence of the odor of

narcotics in the kitchen and Darrel Gene Durbin's bedroom. Further searching by Officers revealed the methamphetamine in the bag in the kitchen as well as methamphetamine and $3,256.00 U.S. currency in the tub in the bedroom as had been described by Darrel Gene Durbin. The drugs and a total of approximately $4,656.00 in U.S. currency were seized by Officer Schepis. Darrel Gene Durbin was arrested and indicted for Possession with Intent to Distribute. Ultimately, Durbin pleaded to Possession of Intent to Distribute 50 grams or more of Methamphetamine and is currently serving his sentence.

5. Based on the information set out above, I have probable cause to believe that the approximately $4,656.00 in United States currency seized by the WPD from Darrel Gene Durbin constitutes money and/or other items of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 *et seq.* Accordingly, the approximately $4,656.00 in United States currency is subject to forfeiture pursuant to Title 21, U.S.C. § 881(a)(6).

Tom Krausch, TFO
DEA

Sworn to and subscribed before me this 6th day of March, 2018.

NOTARY

JENNIFER LYNN DENNY
Notary Public - State of Kansas
My Appt. Expires 1-27-2020